NO. 07-06-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2007

______________________________

JIMMY JOSEPH SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 287
TH
 DISTRICT COURT OF PARMER COUNTY;

NO. 2672.01; HONORABLE GORDON H. GREEN, JUDGE

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND

Appellant, Jimmy Joseph Sanchez, appeals his conviction for aggravated robbery.  Appellant’s attorney has filed a brief in compliance with 
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues to appeal.  Because of the court’s concern regarding representation of appellant on appeal, we grant attorney’s motion to withdraw, deny attorney’s motion to file supplemental response brief, abate the appeal, and remand the case back to the trial court for appointment of new counsel.  

Background 

Appellant was charged with aggravated robbery.  After a jury trial, appellant was found guilty and sentenced to thirty (30) years confinement in the Texas Department of Criminal Justice, Institutional Division.  Appellant appeals his conviction and sentence.  His appellate counsel has filed a motion to withdraw along with an 
Anders
 brief.  
Anders
, 386 U.S. at 744-45. 

In cases where an 
Anders
 brief has been filed and later a 
pro se
 response, we are faced with two choices.  We may determine that the appeal is wholly frivolous and issue an opinion explaining that after a review of the record, we find no reversible error.  
See
 
Bledsoe v. State
, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).  Or, we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.  
Id
. at 827.

In cases where appellate counsel has filed an 
Anders
 brief stating that there are no arguable grounds for appeal and has filed a motion to withdraw, appellate counsel must be allowed to withdraw.  
See
 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991) An appellant is entitled to respond to his counsel’s 
Anders
 brief.  
Bledsoe
, 178 S.W.3d at 827.  If issues are raised in the 
pro se
 response that are arguable grounds for appeal, the court cannot address the merits of the issues until the issues have been briefed by new counsel. 
See
 Bledsoe, 178 S.W.3d at 827; 
Stafford
, 813 S.W.2d. at 511.  If the court of appeals were to review the case and issue an opinion which addressed and rejected the merits raised in a 
pro se
 response to an 
Anders
 brief, then appellant would be deprived of the meaningful assistance of counsel.  
See
 
Bledsoe
, 178 S.W.3d at 827.  Appellate counsel cannot file an 
Anders
 brief and also file a brief raising arguable grounds for appeal.  
See
 
Stafford
, 813 S.W.2d. at 511. 

In this matter, counsel filed an 
Anders
 brief on February 15, 2007.  Appellant’s response to counsel’s 
Anders
 brief was due on May 2, 2007.  On May 1, 2007, counsel received correspondence from appellant requesting assistance in responding to the 
Anders
 brief.  Counsel, attempting to assist appellant, filed a Motion for Leave to File  Supplemental Response Brief responding to the 
Anders
 brief and Appellant’s Supplemental Response Brief presenting two issues as arguable points of appeal. However, counsel maintains his position that appellant’s appeal is frivolous and does not attempt to withdraw his 
Anders
 brief.  Counsel cannot file an 
Anders
 brief and a brief on behalf of his client purporting to raise non-frivolous issues.  “The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of 
amicus curiae
 . . . .”  
Stafford
, 813 S.W.2d at 509 (
quoting
 
Anders
, 386 U.S. at 744).  Further, were a 
pro se
 defendant to raise issues on his own that were non-frivolous, this court would be required to allow counsel to withdraw and abate the matter to the trial court for appointment of new counsel.  

Therefore, we grant counsel’s motion to withdraw, deny counsel’s request to file supplemental response brief, abate the appeal, and remand the cause to the trial court.  Upon remand, the trial court should conduct a hearing within 30 days to determine whether (1) appellant wishes to continue his appeal; (2) appellant remains indigent; and (3) if indigent, appoint new counsel to represent appellant on appeal.  The trial court shall direct the newly appointed counsel, if any, to file appellant's brief within 30 days after his or her appointment, and shall furnish the name, address and State Bar number of appointed counsel to the Clerk of this Court immediately after the appointment is made.

It is so ordered.

Per Curiam

Do not publish.